IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REGINALD PENNINGTON,

        Petitioner,

                                  CIVIL ACTION
   vs.                             No. 10-3087-SAC

DAVID McKUNE, et al.,

        Respondents.

**MEMORANDUM AND ORDER**

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. By an earlier order, the court directed petitioner to supplement the motion for leave to proceed in forma pauperis and to show cause why this matter should not be dismissed as untimely.

Because the financial records supplied by the petitioner reflect an average cash balance in excess of $500.00 (Doc. 4, Attach.), the court denies his motion to proceed in forma pauperis and will direct him to submit the $5.00 filing fee. *See* D. Kan. R. 9.1(g)(absent exceptional circumstances, in forma pauperis status may be denied where assets in petitioner's institutional account exceed $150.00).

Next, in its earlier order, the court summarized the background of petitioner's case as follows:

> Petitioner was convicted following a jury trial in 1997 and was sentenced in February 1998 to a term of ten years to life. His conviction was affirmed by the Kansas Supreme Court in an unpublished order issued on March 10, 2000. *State v. Pennington*, 996 P.2d 332 (Kan. 2000). Petitioner states he filed a state petition for post-conviction relief pursuant to K.S.A. §60-1507 in 1999 and relief was denied in 2001.
>
> In January 2005, petitioner filed a motion to correct an illegal sentence pursuant to K.S.A. § 22-3504. Relief was denied, and petitioner appealed. The Kansas Supreme Court affirmed that decision by an order entered on April 17, 2009. *State v. Pennington*, 288 Kan. 599 (Kan. 2009).
>
> Petitioner executed the present petition on April 16, 2010.

Because of the apparent gap between 2001 and the filing of a motion to correct an illegal sentence in January 2005, the court directed petitioner to show cause why this matter should not be dismissed for his failure to file this petition within the one-year limitation period established in 28 U.S.C. §2244(d). Under this statute, the one-year limitation period ordinarily runs from the time from which the judgment becomes final by the conclusion of direct review or the expiration of time for seeking review. § 2244(d)(1)(A). The limitation period is tolled during the pendency of a properly-filed

application for state post-conviction or other collateral relief. § 2244(d)(2).

In his response, petitioner states he received ineffective assistance of post-conviction counsel. He states counsel did not file a notice of appeal, although petitioner believed that counsel had done so. Petitioner also states he filed a motion for transcripts of the preliminary hearing on August 1, 2001, and was awaiting their completion. Petitioner explains that when he became aware that counsel had not filed a notice of appeal, he filed a motion to correct illegal sentence pursuant to K.S.A. 22-3504.

This explanation is insufficient to excuse the failure to timely file the petition, because a prisoner has no constitutional right to counsel in a post-conviction action. *See Coleman v. Thompson,* 501 U.S. 722, 757 (1991)("Because [the defendant] had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of [the defendant's] claims in state court cannot constitute cause to excuse the default in federal habeas"); *see also Cummings v. Sirmons,* 506 F.3d 1211, 1223 (10th Cir. 2007)(stating the ineffective assistance of state post-conviction counsel cannot be asserted to establish "cause and prejudice" in a habeas corpus action to excuse a state procedural default because a

criminal defendant is not constitutionally entitled to representation in a state post-conviction action). Accordingly, the court concludes this matter must be dismissed as time-barred.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is denied. Petitioner is directed to submit the filing fee of $5.00 to the clerk of the court within thirty days.

IT IS FURTHER ORDERED this matter is dismissed due to petitioner's failure to commence this matter within the one-year limitation period.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 18th day of January, 2011.

> S/ Sam A. Crow
> SAM A. CROW
> United States Senior District Judge